UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CAISY FRANK,

                                 Plaintiff,                  9:17-CV-0988
                                                                               (BKS/DJS)

      v.

PRISONER TRANSPORTATION SERVICES
OF AMERICA,

                                 Defendant.

---

APPEARANCES:                                           OF COUNSEL:

CAISY FRANK
14-A-4584
Plaintiff, pro se
Cape Vincent Correctional Facility
P.O. Box 739
Cape Vincent, NY 13618

LYDECKER DIAZ                                  LEE PATTEN, ESQ.
Attorney for Defendant
200 Broadhollow Road
Suite 207
Melville, NY 11747

BRENDA K. SANNES
United States District Judge

# DECISION and ORDER

## I.    INTRODUCTION

      This action was brought pro se by plaintiff Caisy Frank seeking damages for injuries suffered in March 2016 during transport in a van operated by defendant Prisoner Transportation Services of America.  *See* Compl.[1]  Defendant answered the complaint on

---

[1] This action, filed by plaintiff in the United States District Court for the Southern District of New York, was transferred to this District in accordance with 28 U.S.C. § 1404(a).  Dkt. No. 4.

May 24, 2018. Dkt. No. 27.

Presently before the Court is a motion from plaintiff seeking injunctive relief. Dkt. No. 32.

## II.     DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, 437 Fed. App'x 57, 58 (2d Cir. 2011) (summary order) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Generally an alleged violation of a constitutional right creates a presumption of irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 Fed. App'x at 58 (quoting *Faiveley*, 559 F.3d at 118); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)). A finding of irreparable harm cannot be based solely on past conduct. *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016).

Plaintiff's motion states in its entirety: "Plaintiff Caisy Frank respectfully request that the court grant me a temporary restraining order against the defendant(s) preventing them

from transporting me not sooner than this civil action is completed." Dkt. No. 32.[2]

Defendant opposes plaintiff's motion and urges its denial.  Dkt. No. 35.  Defendant contends that plaintiff has not established any of the required predicates for injunctive relief. *Id*. at 4.[3]

Upon review, the Court finds that plaintiff has failed to meet the heavy burden for a mandatory injunction.  As defendant correctly notes, plaintiff has not "stated the reason he is seeking [injunctive relief.]"  Dkt. No. 35 at 4.  Nor has he made any showing that he will suffer an injury that is neither remote nor speculative should the motion not be granted.  Moreover, the past allegations of misconduct stated in plaintiff's complaint, standing alone, are insufficient to support a finding of irreparable harm.  As a result, plaintiff's motion must be denied.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion seeking preliminary injunctive relief (Dkt. No. 32) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: September 19, 2018
       Syracuse, NY

Brenda K. Sannes
U.S. District Judge

---

[2] Plaintiff signed the motion on July 17, 2018.  Dkt. No. 32 at 1.  On August 18, 2018, plaintiff notified the Court that he had been transferred from Washington Correctional Facility to Cape Vincent Correctional Facility.  Dkt. No. 36.  Plaintiff does not indicate whether he was transported by defendant.

[3] Although styled as a motion for a temporary restraining order, plaintiff's request is properly construed as a motion for a preliminary injunction.  *See* Dkt. No. 35 at 5-6.